# Exhibit 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

AUG 17 2021

CLERK OF THE COURT
BY: _____
Roni Gill, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GREENPOINT MORTGAGE FUNDING, INC.; REAL TIME SOLUTIONS, INC.; RRA CP OPPORTUNITY TRUST 1; and Does 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DI WEN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* RENE C. DAVIDSON COURTHOUSE 1225 FALLON STREET OAKLAND, CA 94612 | HG21109528 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mellen Law Firm, 1050 Marina Village Parkway, Suite 102, Alameda, CA 94501, Phone: (510) 236-9638. Fax: (415) 276-1902

| DATE: *(Fecha)* AUG 17 2021 | Chad Finke | Clerk, by *(Secretario)* | Roni Gill | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Real Time Resolutions Inc.

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Matthew Mellen (Bar No. 233350), RamonChito De Castro (Bar No. 282595) Allison
Erggelety (Bar No. PL-463468), MELLEN LAW FIRM
1050 Marina Village Parkway, Suite 102, Alameda, CA 94501

TELEPHONE NO.: (510) 263-9638   FAX NO. *(Optional):* (415) 276-1902
ATTORNEY FOR *(Name):* Di Wen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
DI WEN v. GREENPOINT MORTGAGE FUNDING, INC. et al.

**ENDORSED
FILED
ALAMEDA COUNTY**

**AUG 17 2021**

CLERK OF THE COURT
BY:
Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder | | **HG21109528** |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 16, 2021

RamonChito De Castro
*(TYPE OR PRINT NAME)*

*(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use   **CIVIL CASE COVER SHEET**   Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Matthew Mellen (Bar No. 233350)
Ramonchito Logan De Castro (Bar No. 332595)
Allison Cecchini Erggelet (Bar No. PL-463468)
MELLEN LAW FIRM
1050 Marina Village Parkway, Suite 102
Alameda, CA 94501
Telephone:  (510) 263-9638
Facsimile:  (415) 276-1902

Attorney for Plaintiff,
DI WEN

**ENDORSED**
**FILED**
ALAMEDA COUNTY

AUG 17 2021

CLERK OF THE COURT
BY: _____ Roni Cn
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ALAMEDA

| | |
|---|---|
| DI WEN ; an individual;<br><br>Plaintiff,<br><br>v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., a business entity; REAL TIME SOLUTIONS, INC., a business entity; RRA CP OPPORTUNITY TRUST 1, a business entity; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.: **HG21109528**<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1. Breach of Contract<br><br>2. Breach of Covenant of Good Faith and Fair Dealing<br><br>3. Unjust Enrichment<br><br>4. Violation of Civil Code § 1788, *et seq.*<br><br>5. Violation of Business and Professions Code § 17200, *et seq.*<br><br>6. Fraud<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW PLAINTIFF, DI WEN (hereinafter, "Plaintiff"), who alleges as follows:

### PRELIMINARY ALLEGATIONS

1.        Defendants GREENPOINT FUNDING, INC. and/or REAL TIME SOLUTIONS, INC. were contractually obligated to provide Plaintiff with a Periodic Statement regarding payments due on Plaintiff's HELOC. This Periodic Statement contained crucial information about payments – how much was due, when it was due, and how to make the payments – without which Plaintiff could not make her payments. For years, Defendant failed to provide these vital Periodic

1

Statements, providing Plaintiff with no information on how, when, or what she should be paying. Egregiously, Defendant waited for years, allowing fees to artificially accumulate on Plaintiff's loan despite the fact Plaintiff, at all relevant times, was ready, willing, and able to make regular payments or had Defendant simply sent periodic statements. This lawsuit follows.

## JURISDICTION AND VENUE

2.      This is an action asserting violations of California State Law. Plaintiff DI WEN, ("Plaintiff") is a homeowner who brings this action as a result of Defendant's unlawful conduct concerning a residential mortgage loan transaction for the property located at 2458 Early Rivers Place, Union City, CA 94587 (hereinafter "the Property"). Venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in the City and County of Alameda. Venue is therefore proper in Alameda County.

## PARTIES

3.      At all times mentioned herein, Plaintiff DI WEN (hereinafter, "Plaintiff") is the owner of the property located at 2458 Early Rivers Place, Union City, CA 94587 (hereinafter, "the Property").

4.      At all times mentioned herein, Plaintiff is informed and believe and thereon alleges that Defendant REAL TIME SOLUTIONS, INC. (hereinafter, "Defendant" or "RTR"), is an agent of RRA CP OPPORTUNITY TRUST 1, and is a diversified financial marketing and/or services company engaged primarily in residential mortgage banking and/or related businesses. Plaintiff is informed and believes and thereon alleges that Defendant is the current servicer of Plaintiff's loan. Plaintiff is informed and believes and thereon alleges that Defendant regularly conducts business in the State of California.

5.      At all times mentioned herein, Plaintiff is informed and believe and thereon alleges that Defendant GREENPOINT MORTGAGE FUNDING, INC. ("GREENPOINT") is a diversified financial marketing and/or services company engaged primarily in residential mortgage banking and/or related businesses. Plaintiff is informed and believes and thereon alleges that Defendant is the original creditor of Plaintiff's loan.

6.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive, and Plaintiff will amend this complaint to allege such names and capacities at such time as they are ascertained.  Each fictitiously named Defendant is responsible in some manner for the wrongful acts complained of herein.

7.      Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendants.  Each Defendant was acting in concert with each remaining Defendant in all matters alleged, and each Defendant has inherited any and all violations or liability of their predecessors-in-interest.  Additionally, each Defendant has passed any and all liability to their successors-in-interest, and at all times were acting within the course and scope of such agency, employment, partnership, and/or concert of action.

## AGENCY ALLEGATIONS

8.      Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendant. Each Defendant was acting in concert with each remaining Defendant in all matters alleged, and each Defendant is responsible for any and all violations or liability of their predecessors-in-interest. Additionally, each Defendant has passed any and all liability to their successors-in-interest, and at all times was acting within the course and scope of its agency, employment, partnership, and/or concert of action.

## STATEMENT OF FACTS

9.      On May 4, 2000, Plaintiff purchased the property located at 2458 Early Rivers Place, Union City, CA 94587, also known as A.P.N #: 486-0094-032 (hereinafter "the Property"), secured by Deed of Trust with Washington Mutual Bank ("First Lien").

10.     Thereafter, Plaintiff on or around December 19, 2006, Plaintiff took out $100,000 Home Equity Line of Credit ("HELOC") secured by Deed of Trust from Defendant GREENPOINT MORTGAGE FUNDING, INC. (Second Lien, "HELOC" loan). The beneficiary of the Deed of Trust for HELOC loan is GREENPOINT MORTGAGE FUNDING INC.

11.    Subsequently, Defendant GREENPOINT assigned the loan to Defendants RRA CP OPPORTUNITY TRUST I, and REAL TIME RESOLUTIONS, INC as its agent.

12.    The current servicer of the loan is REAL TIME RESOLUTIONS, INC.

13.    Defendants failed to send Plaintiff any periodic statements re the HELOC including her obligation to make payments thereon.

14.    In the meantime, Defendants allowed interest to accumulate on the debt, despite the fact Plaintiff' had not been receiving statements.

15.    Defendants were obligated under the terms of the agreement creating the HELOC to send Plaintiff periodic statements for payments thereon.

16.    The Home Equity Credit Line Agreement and Disclosure Statement required Defendant to, at a minimum, send Plaintiff a periodic statement monthly. The periodic statement was to show all Account activity during the billing cycle and contain other important information, including Plaintiff's "New Balance," Plaintiff's Annual Percentage Rate, the amount of Plaintiff's "Minimum Payment Due," Plaintiff's "Payment Due Date" and the place and manner of making payments."

17.    Moreover, Plaintiff's obligations to make payments depended on receiving the periodic statement because Plaintiff was to make payments in the manner specified in Plaintiff's periodic statement.

18.    The Deed of Trust also noted that payments were to made in accordance with the terms set out in the Home Equity Credit Line Agreement. In other words, the Deed of Trust incorporated that Plaintiff was to make payments in the manner specified in Plaintiff's periodic statement.

19.    Defendant failed in its obligation under the terms of the agreement creating the HELOC to send Plaintiff periodic statements for payments thereon.

20.    Defendants' obligation to send Plaintiff periodic statements on the HELOC formed a material provision of the agreement creating the HELOC and was a condition precedent to Plaintiff's obligation to make payments.

21.    Without a periodic statement, Plaintiff was left unaware that she was obligated to make payments, how much those payments were to be, and how to make them.

4

22.     Had Defendants sent Plaintiff periodic statements for payments under the terms of the HELOC, Plaintiff would have made said payments.

23.     Defendants were aware at all relevant times that Plaintiff had no knowledge of her alleged continued obligation under the HELOC.

24.     Defendant waited years from the time it acquired rights to the HELOC to notify Plaintiff of her obligation thereunder and foreclose on her home.

25.     Defendant has included in several years' worth of fees and interest in the total amount of the HELOC that it wishes to collect.

26.     Defendant waited for years to Foreclose on Plaintiff's home, namely the Property, so that it could collect more money in fees and interest than they would have otherwise received had they simply sent Plaintiff periodic statements upon acquiring their interest therein.

27.     Nowhere in the agreement creating the HELOC does it say that the servicer of the loan may neglect to send the debtor statements and thereby allow fees and interest to accrue until the servicer decides when to Foreclose on the Property securing the HELOC.

28.     On or around April 19, 2021, Defendants caused the recording of Notice of Default and Election to Sell Under the Deed of Trust. The Notice of Trustee Sale was recorded on July 22, 2021, with the schedule sale of the property on August 20, 2021.

29.     Therefore, the fees and interest that Defendant is attempting to collect are not actually authorized by either agreement or law.

30.     As an actual and proximate result of Defendant's conduct as it is described herein, Plaintiff is at risk of losing her home.

31.     This lawsuit follows.

### FIRST CAUSE OF ACTION
**Breach of Contract**
(Against All Defendants)

32.     Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

33.     To recover damages from Defendant's for breach of contract, Plaintiff must show: (1) the parties entered into a contract; (2) Plaintiff did all, or substantially all of the significant things that the contract required her to do; (3) all conditions required by the contract for Defendant's performance had occurred; (4) Defendant failed to do something that the contract required it to do; and (5) Plaintiff was harmed by that failure.

34.     Plaintiff and Defendant were parties to a contract, namely the Home Equity Credit Line Agreement.

35.     Plaintiff complied with substantially all of her obligations under the contract or compliance therewith was excused.

36.     All conditions obligating Defendant to comply with the terms of the agreement were satisfied, and Defendant, at all relevant times, was obligated to send Plaintiff periodic statements regarding the status of the Home Equity Credit Line Agreement.

37.     Defendant, however, failed to send Plaintiff periodic statements and thereby breached the contract.

38.     As an actual and proximate result of Defendant's breach, Plaintiff has incurred substantial fees and interest on the HELOC.

39.     Specifically, Defendant is attempting to collect $173,347.09 with uncertainty as to the amount of interest on the loan because there were no itemized statements sent to the Plaintiff.

40.     Plaintiff and Defendant were also parties to the Deed of Trust. The Deed of Trust incorporated the requirement that Defendant send periodic statements as it noted that Plaintiff was to make payments from time to time *pursuant to* the Agreement. Meanwhile, under the Agreement, Plaintiff's obligations to make payments depended on receiving the periodic statement because Plaintiff was to make payments in the manner specified in Plaintiff's periodic statement.

41.     In other words, without the periodic statement, Plaintiff could not possibly make payments "in the manner specified" in the periodic statement because no manner was specified.

42. As such, Plaintiff never failed to make a requisite payment under the Deed of Trust, because Plaintiff's payments were necessarily dependent on the information provided in the non-existent periodic statements.

43. Plaintiff seeks restitution in the form of the removal of the illegal fees, charges, or increases that have been charged to the loan. These fees are increasing every day. Plaintiff also seeks specific performance by Defendant on the loan to enjoin Defendant from adding unwarranted charges to her account. Further, Plaintiff seeks attorney's fees as permitted under the loan agreement.

**SECOND CAUSE OF ACTION**
**Breach of the Covenant of Good Faith and Fair Dealing**
(Against All Defendants)

38. Plaintiff incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

39. Defendant's conduct, as alleged above, constitutes a breach of the covenant of good faith and fair dealing implied in every contract under California law. This covenant creates an obligation in Defendant not to hinder or prevent Plaintiff's ability to perform under the contract.

40. In every contract or agreement there is an implied promise of good faith and fair dealing. (*Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 658). Each party is refrained from unfairly interfering with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. *Id.*

41. Plaintiff contends that the Home Equity Credit Line Agreement and Deed of Trust, along with other documents related to the agreement require Defendant send Plaintiff regular statements re the HELOC loan and not add unnecessary, unfair, and unjust fees and interest to the HELOC.

42. Plaintiff was, at all relevant times, ready, willing, and able to make regular payments on the HELOC at all times that Defendant possesses an interest therein.

43. The Home Equity Credit Line Agreement and Disclosure Statement required Defendant to at a minimum send Plaintiff a periodic statement monthly. The periodic statement will show all

7

Account activity during the billing cycle and contain other important information, including Plaintiff's "New Balance," Plaintiff's Annual Percentage Rate, the amount of Plaintiff's "Minimum Payment Due," Plaintiff's "Payment Due Date" and the place and manner of making payments."

44.     Moreover, Plaintiff's obligations to make payments depended on receiving the periodic statement because Plaintiff was to make payments in the manner specified in Plaintiff's periodic statement.

45.     Despite this, Defendant failed to send Plaintiff periodic statements when it reasonably knew that Plaintiff did not know of her continued obligation to make payments thereon. Had Defendant simply sent Plaintiff periodic statements, Plaintiff would have made said payments. However, due to Defendant's neglect of their obligation to send Plaintiff periodic statements, Plaintiff was effectively deprived of a reasonable opportunity to do so.

46.     Defendant interfered with Plaintiff's ability to perform on the agreement creating the HELOC.

47.     Plaintiff seeks restitution in the form of the removal of the illegal fees, charges, interest or increases that have been charged to the loan. Plaintiff also seeks specific performance by Defendant on the loan to enjoin Defendant from adding unwarranted charges to her account. Further, Plaintiff seeks attorney's fees as permitted under the loan agreement.

## THIRD CAUSE OF ACTION
### Unjust Enrichment
(Against All Defendants)

48.     Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

49.     In general, a person who has been unjustly enriched at the expense of another is required to make restitution to the other. Although not required, a valid cause of action arises under Unjust Enrichment when a defendant receives a benefit they would not have otherwise received at the plaintiff's expense. (*Ghirardo v. Antonioli* (1996) 14 Cal. 4th 39, 51.)

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

50.     Plaintiff contends that the Deed of Trust and Home Equity Credit Line Agreement, along with other documents related to the agreement creating the HELOC obligations state that Defendant must send Plaintiff regular statements.

51.     Defendant, however, failed to send Plaintiff periodic statements, and as an actual and proximate result, Defendant has created an illusory obligation for Plaintiff to pay fees and interest accrued on the HELOC for which Plaintiff would not have been otherwise responsible.

52.     Defendant now stands to Foreclose on Plaintiff's home, namely the Property, in connection with collection on the HELOC and garner benefits that it has unjustly reaped from its unscrupulous conduct as described herein.

53.     Plaintiff is informed and believes and thereon alleges that Defendant chose not foreclose years prior and to not send any statements in the interim in order to inflate the arrears.

54.     As such, Defendant will be unjustly enriched by the wrongfully accumulated late fees and interest allowed to and caused to amass.

55.     It is unjust for Defendant to keep the benefits because they gained them through wrongful conduct. Therefore, Plaintiff seeks the restoration of her status to prior that of the unjust enrichment, including but not limited to, declaratory relief and restitution.

### FOURTH CAUSE OF ACTION
**Rosenthal Fair Debt Collection Practices Act**

(Against All Defendants)

56.     Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

57.     Defendants are liable to Plaintiff for violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA").

58.     Defendant's actions, as set forth herein, constitute a violation of the RFDCPA, Cal. Civ. Code §1788.17, which requires a debt collector to comply with the provisions of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b through 1692k ("FDCPA").

59.     The debt discussed herein arises from a "consumer credit transaction" as the term is defined under the RFDCPA, Cal. Civ. Code § 1788.2(e) and is therefore a "consumer debt" as the term is defined under the RFDCPA, Cal. Civ. Code § 1788.2(f).

60.     Plaintiff is a natural person and is therefore a "consumer" as the term is defined under the RFDCPA, Cal. Civ. Code § 1788.2(h).

61.     Defendant regularly in its ordinary course of business engages in debt collection of consumer debts on its own behalf and is therefore a "debt collector" as the term is defined under RFDCPA, Cal. Civ. Code § 1788.2(c).

62.     Pursuant to the RFDCPA, Cal. Civ. Code § 1788.17, every debt collector collecting or attempting to collect a consumer debt shall comply with provisions of sections 1692b through 1692j of the FDCPA, inclusive, and shall be subject to the remedies in the FDCPA, 15 U.S.C. § 1692k.

63.     Pursuant to the FDCPA, 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

64.     Here, Defendants sent Notice of Default representing that the debt was at least $173,347.09 as of August 2021. The original loan amount was $100,000, and now it is almost doubled. Since, there were no statements to reference the charges, Defendants had violated the Rosenthal Act.

65.     This conduct was almost certain to mislead the least sophisticated consumer.

66.     Pursuant to Civil Code §1788.17, every debt collector that violates Section 1692b to 1692j, inclusive, shall be subject to the remedies in 15 U.S.C. 1692k. Pursuant to 15 U.S.C. §1692k, Defendant is liable for actual damages, civil penalties in the amount of $1,000, attorneys' fees, and costs of court.

## FIFTH CAUSE OF ACTION
### Unfair Competition – Violation of Business and Professions Code §§17200 *et seq*
(Against All Defendants)

67.     Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

68.     Defendants conduct, as alleged above, constitutes unlawful business practices, as defined in the California Business and Professions Code § 17200 *et seq.* California Business and Professions Code § 17200 *et seq.* borrows violations from other statutes and laws and makes them unlawful to engage in as a business practice.

69.     In the case at hand, Defendants failed to uphold its duties under the RFDCPA, Cal. Civ. Code § 1788.17, and this therefore constitutes unfair business practices in violation of California Business and Professions Code § 17200 *et seq.*

70.     Defendant's breach of contract and covenant of good faith also constitutes unfair business practices in violation of California Business and Professions Code § 17200 *et seq.*

71.     As a result of Defendants wrongful conduct, Plaintiff has suffered various injuries according to proof at trial.

72.     Likewise, Plaintiff was injured and is entitled to actual damages including but not limited to, loss of money and property, loss of reputation and goodwill, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court.

73.     Plaintiff seeks injunctive relief enjoining Defendants from engaging in the unfair business practices described herein.

74.     Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

75.     Defendant is also guilty of malice, fraud and/or oppression, as defined in the California Civil Code § 3924. Defendants actions were in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter it from engaging in future misconduct and attorney's fees.

## SIXTH CAUSE OF ACTION
### Fraud

(Against All Defendants)

76.     Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

77.     To state a claim for fraudulent concealment, Plaintiffs must show (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as she did if she had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.

78.     Here, Defendant concealed the fact that it was applying interest to the debt, as well as the amount of the monthly payment and the manner in which it was to be made.

79.     Defendant was under a contractual duty to provide Plaintiff with periodic statements which would have contained all of these facts.

80.     Defendant intentionally failed to provide Plaintiff with these periodic statements, or otherwise inform Plaintiff of these facts.

81.     Plaintiff was unaware she had a continued obligation to make payments on the debt, or how to make payments thereon, or that interest could accumulate on the debt, and acted accordingly.

82.     Plaintiff was damaged by this concealment. Specifically, Plaintiff would have paid on the obligation had she been aware of it, or refinanced the loan with a more honest lender. Instead, more than $71,000.00 in interest accumulated on the loan.

44.     Plaintiff seeks restitution, disgorgement of sums wrongfully obtained (including the over $71,000.00 in wrongfully accumulated interest), costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

45.     Defendant is guilty of malice, fraud and/or oppression, as defined in California Civil Code § 3294. Defendant's actions were malicious and willful, in conscious disregard of the rights and safety of Plaintiff, and calculated to injure Plaintiff. These acts were known to and ratified by members of Defendant's management. Accordingly, Plaintiff is entitled to recover punitive

12

damages from Defendant pursuant to California Civil Code § 3294, in an amount according to proof.

### DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES

WHEREFORE, Plaintiff DI WEN (hereinafter, "Plaintiff") respectfully demands a trial by jury on all issues so triable. Plaintiff also respectfully prays for judgment and order against Defendants as follows:

1. That judgment is entered in Plaintiff's favor and against Defendant;

2. For an order requiring Defendant to show cause, if it has any, why it should not be enjoined as set forth below, during the pendency of the action;

3. For a temporary restraining order and preliminary injunction preventing Defendant, or anyone acting in concert with it from causing the Property to be sold, assigned, transferred to a third-party, or taken by anyone or any entity;

4. For compensatory and statutory damages, damages for emotional distress, special damages, attorneys' fees, and costs according to proof at trial;

5. For such other and further relief as the Court may deem just and proper.

DATED: August 16, 2021                    Respectfully submitted,

MELLEN LAW FIRM

RamonChito De Castro
Attorney for Plaintiff
DI WEN

23018884

1  Matthew Mellen (Bar No. 233350)
   Ramonchito Logan De Castro (Bar No. 332595)
2  Allison Cecchini Erggelet (Bar No. PL-463468)
   MELLEN LAW FIRM
3  1050 Marina Village Parkway, Suite 102
   Alameda, California 94501
4  Telephone:      (510) 263-9638
   Facsimile:      (415) 276-1902
5  Email:          email@mellenlawfirm.com

6
   Attorneys for Plaintiff,
7  DI WEN

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                      **COUNTY OF ALAMEDA**

11  DI WEN, an individual,                    Case No.: HG21109528

12              Plaintiff,                     **MEMORANDUM OF POINTS AND**
                                               **AUTHORITIES IN SUPPORT OF**
13      v.                                     **EX PARTE APPLICATION FOR**
                                               **TEMPORARY RESTRAINING**
14                                             **ORDER**
    GREENPOINT MORTGAGE FUNDING, INC.,
15  a business entity; and Does 1 through 10,
    inclusive,                                 Date:    August 19, 2021
16                                             Time:
                Defendants.                    Dept.:
17

18                                             Complaint Filed: August 16, 2021
                                               Trial Date:     None Set
19

20

21

22

23

24

25

26

27

28

FILED
ALAMEDA COUNTY

AUG 17 2021

CLERK OF THE SUPERIOR COURT
By _____
       JANIE THOMAS, Deputy

Filed By Fax

---

## I.   INTRODUCTION

Through the instant ex parte application, Plaintiff DI WEN (hereinafter, "Plaintiff") seeks a temporary restraining order to stop the imminent unlawful sale of her property in violation of California law.  In the case at hand, Defendants GREENPOINT FUNDING, INC. and/or REAL TIME SOLUTIONS, INC. were contractually obligated to provide Plaintiff with a Periodic Statement regarding payments due on Plaintiff's HELOC. Periodic Statements contain crucial information about payments – how much is due, when it is due, and how to make the payments – without which Plaintiff could not make her payments. For years, Defendants failed to provide these vital Periodic Statements, providing Plaintiff with no information on how, when, or what she should be paying. Egregiously, Defendant waited for years, allowing fees to artificially accumulate on Plaintiff's loan despite the fact Plaintiff, at all relevant times, was ready, willing, and able to make regular payments or had Defendant simply sent periodic statements. Given these blatant breaches of contract, violations of California law, the state's interest against the carrying forward of foreclosures during the COVID19 pandemic, and the irreparable harm Plaintiff will suffer if the sale is allowed to proceed, the August 20, 2021 foreclosure sale must be enjoined.

## II.   STATEMENT OF FACTS

On May 4, 2000, Plaintiff purchased the property located at 2458 Early Rivers Place, Union City, CA 94587, also known as A.P.N #: 486-0094-032 (hereinafter "the Property"), secured by Deed of Trust with Washington Mutual Bank ("First Lien"). (Decl. of Di Wen at ¶ 1-2) Thereafter, Plaintiff on or around December 19, 2006, Plaintiff took out $100,000 Home Equity Line of Credit ("HELOC") secured by Deed of Trust from Defendant GREENPOINT MORTGAGE FUNDING, INC. (Second Lien, "HELOC" loan). The beneficiary of the Deed of Trust for HELOC loan is GREENPOINT MORTGAGE FUNDING INC. (*Id.* ¶ 3)

Subsequently, Defendant GREENPOINT assigned the loan to Defendants RRA CP OPPORTUNITY TRUST I, and REAL TIME RESOLUTIONS, INC as its agent.  The current servicer of the loan is REAL TIME RESOLUTIONS, INC. Defendants failed to send Plaintiff

any periodic statements re the HELOC including her obligation to make payments thereon. (*Id.* ¶ 4)

In the meantime, Defendants allowed interest to accumulate on the debt, despite the fact Plaintiff had not been receiving statements. Defendants were obligated under the terms of the agreement creating the HELOC to send Plaintiff periodic statements for payments thereon. (*Id.* ¶ 5) The Home Equity Credit Line Agreement and Disclosure Statement required Defendant to, at a minimum, send Plaintiff a periodic statement monthly. The periodic statement was to show all Account activity during the billing cycle and contain other important information, including Plaintiff's "New Balance," Plaintiff's Annual Percentage Rate, the amount of Plaintiff's "Minimum Payment Due," Plaintiff's "Payment Due Date" and the place and manner of making payments." (*Id.* ¶ 6- 7)

Moreover, Plaintiff's obligations to make payments depended on receiving the periodic statement because Plaintiff was to make payments in the manner specified in Plaintiff's periodic statement. The Deed of Trust also noted that payments were to made in accordance with the terms set out in the Home Equity Credit Line Agreement. In other words, the Deed of Trust incorporated that Plaintiff was to make payments in the manner specified in Plaintiff's periodic statement. (*Id.* ¶ 8-9)

Without a periodic statement, Plaintiff was left unaware that she was obligated to make payments, how much those payments were to be, and how to make them. (*Id.* ¶ 11) Had Defendants sent Plaintiff periodic statements for payments under the terms of the HELOC, Plaintiff would have made said payments. (*Id.* ¶ 12) Defendants were aware at all relevant times that Plaintiff had no knowledge of her alleged continued obligation under the HELOC. Defendant waited years from the time it acquired rights to the HELOC to notify Plaintiff of her obligation thereunder and foreclose on her home. (*Id.* ¶ 13)

Defendant has included in several years' worth of fees and interest in the total amount of the HELOC that it wishes to collect. (*Id.* ¶ 14) Defendant waited for years to Foreclose on Plaintiff's home, namely the Property, so that it could collect more money in fees and interest

2

1  than they would have otherwise received had they simply sent Plaintiff periodic statements upon

2  acquiring their interest therein.  (*Id.* ¶ 15)

3       Nowhere in the agreement creating the HELOC does it say that the servicer of the loan

4  may neglect to send the debtor statements and thereby allow fees and interest to accrue until the

5  servicer decides when to Foreclose on the Property securing the HELOC.  (*Id.* ¶ 16)

6       On or around April 19, 2021, Defendants caused the recording of Notice of Default and

7  Election to Sell Under the Deed of Trust. The Notice of Trustee Sale was recorded on July 22,

8  2021, with the schedule sale of the property on August 20, 2021.  (*Id.* ¶ 17-18, Ex. B)

9       As an actual and proximate result of Defendant's conduct described herein, Plaintiff is

10  now at risk of losing her home during a historic pandemic in just 4 days. (*Id.* ¶ 20)

11  **III.   ARGUMENT**

12       Plaintiff requests injunctive relief because she faces an imminent and wrongful

13  foreclosure of her property.  Defendants had utterly failed in their contractual duty to provide

14  Plaintiff with periodic statements regarding payments on Plaintiff's HELOC or to communicate

15  with her at all regarding the HELOC debt **<u>for a total of seventeen years</u>** when the Notice of

16  Default ("NOD") was recorded in April 2021.  These statements were a clear condition precedent

17  to her payments that Defendants now attempt to completely disregard.

18       By now attempting to proceed with a foreclosure sale on Plaintiff's home, Defendants

19  essentially throw all their contractual obligations and mandates under California law out the

20  window.  There is no legal basis whatsoever for Defendants to conduct a foreclosure sale on

21  August 17, 2021.

22       As such, Plaintiff respectfully requests that this Court preserve the status quo pending

23  hearing on Plaintiff's application for a preliminary injunction. (*Granny Goose Foods, Inc. v.*

24  *Brotherhood of Teamsters & Auto Truck Drivers* (1974) 415 US 423, 439 [purpose of a

25  temporary restraining order is to preserve the status quo until the merits of the action can be

26  determined].)

27  **A.   Legal Standard**

28

3

Both temporary restraining orders and preliminary injunctions may issue under Cal. Code Civ. Proc. § 527.  Injunctive relief issues (1) where it appears from the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of the act complained of; or (2) where pecuniary compensation would not afford adequate relief; or (3) where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief.  (Cal. Code Civ. Proc. § 526.)  In determining whether injunctive relief should issue, courts consider (a) the likelihood that the moving party will prevail on the merits of his claim and (b) the harm to the respective parties if relief is granted or denied.  (*Sahlolbei v. Providence Healthcare, Inc.* (2003) 112 Cal.App.4[th] 1137, 1145.)  In addition, a borrower may bring an action for injunctive relief to enjoin a material violation of, among other sections, Civil Code § 2923.7.  (Cal. Civ. Code § 2924.12(a).)

**B.      Plaintiff is Likely to Succeed on the Merits**

        **1.      Plaintiff is Likely to Succeed on the Merits of her Claim for Breach of Contract.**

Defendants breached the contract they have with Plaintiff. To state a claim for breach of contract, Plaintiff must show: (1) the parties entered into a contract; (2) Plaintiff did or substantially completed all their obligations under the contract; (3) all conditions required by the contract for Defendant's performance had occurred; (4) Defendant failed to do something that the contract required it to do; and (5) Plaintiff was harmed by that failure.  If the performance of an obligation is prevented by a creditor, the debtor is entitled to all the benefits which she would have obtained if it had been performed by both parties.

Plaintiff and Defendant were parties to a contract, namely the Home Equity Credit Line Agreement. Plaintiff complied with substantially all of her obligations under the contract or compliance therewith was excused. All conditions obligating Defendant to comply with the terms of the agreement were satisfied, and Defendant, at all relevant times, was obligated to send Plaintiff periodic statements regarding the status of the Home Equity Credit Line Agreement.

Defendant, however, failed to send Plaintiff periodic statements and thereby breached the contract. As an actual and proximate result of Defendant's breach, Plaintiff has incurred

4

substantial fees and interest on the HELOC because she was never informed how much to pay, where to pay or to whom. Specifically, Defendant is attempting to collect $173,347.09 with uncertainty as to the amount of interest on the loan because there were no itemized statements sent to the Plaintiff.

Plaintiff and Defendant were also parties to the Deed of Trust. The Deed of Trust incorporated the requirement that Defendant send periodic statements as it noted that Plaintiff was to make payments from time to time *pursuant to* the Agreement. Meanwhile, under the Agreement, Plaintiff's obligations to make payments depended on receiving the periodic statement because Plaintiff was to make payments in the manner specified in Plaintiff's periodic statement.

In other words, without the periodic statement, Plaintiff could not possibly make payments "in the manner specified" in the periodic statement because no manner was specified. As such, Plaintiff never failed to make a requisite payment under the Deed of Trust, because Plaintiff's payments were necessarily dependent on the information provided in the non-existent periodic statements.

Plaintiff has been seriously harmed by the conduct. Due to the illegal fees, charges, and interest that have been unknowingly accumulating on the loan, Plaintiff stands to lose her property during the COVID-19 public health emergency. Defendant is now attempting to sell Plaintiff's property at foreclosure despite having no legal basis for doing so. It must be enjoined from irreparably harming Plaintiff by selling her property.

### 2. Plaintiff is Likely to Succeed on the Merits of her Claim for Breach of the Covenant of Good Faith.

In every contract or agreement there is an implied promise of good faith and fair dealing. (*Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 658.) Each party is prohibited from unfairly hindering, or preventing another party's ability to perform under the contract and from interfering with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. (*Id.*)

5

Here, Plaintiff contends that the Home Equity Credit Line Agreement and Deed of Trust, along with other documents related to the agreement require Defendant send Plaintiff regular statements re the HELOC loan and not add unnecessary, unfair, and unjust fees and interest to the HELOC. Plaintiff was, at all relevant times, ready, willing, and able to make regular payments on the HELOC at all times that Defendant possesses an interest therein.

The Home Equity Credit Line Agreement and Disclosure Statement required Defendant to at a minimum send Plaintiff a periodic statement monthly. The periodic statement will show all Account activity during the billing cycle and contain other important information, including Plaintiff's "New Balance," Plaintiff's Annual Percentage Rate, the amount of Plaintiff's "Minimum Payment Due," Plaintiff's "Payment Due Date" and the place and manner of making payments."

Moreover, Plaintiff's obligations to make payments depended on receiving the periodic statement because Plaintiff was to make payments in the manner specified in Plaintiff's periodic statement. Despite this, Defendant failed to send Plaintiff periodic statements when it reasonably knew that Plaintiff did not know of her continued obligation to make payments thereon. Had Defendant simply sent Plaintiff periodic statements, Plaintiff would have made said payments. However, due to Defendant's neglect of their obligation to send Plaintiff periodic statements, Plaintiff was effectively deprived of a reasonable opportunity to do so. Defendant interfered with Plaintiff's ability to perform on the agreement creating the HELOC.

Plaintiff did not receive any of the benefits of the contract she bargained for due to Defendant's failure to operate in good faith. This has severely damaged Plaintiff, as she now faces imminent loss of her home amid the COVID-19 public health emergency and has had unwarranted fees, interest, and charges added to the loan.

As such, Plaintiff is likely to succeed on the merits of the cause of action for breach of covenant of good faith and fair dealing, and respectfully requests the court preserve the status quo by restraining the sale of the property.

**3.      Plaintiff is Likely to Succeed on the Merit of Her Claim for Unjust Enrichment.**

6

In general, a person who has been unjustly enriched at the expense of another is required to make restitution to the other. Although not required, a valid cause of action arises under Unjust Enrichment when a defendant receives a benefit they would not have otherwise received at the plaintiff's expense. (*Ghirardo v. Antonioli* (1996) 14 Cal. 4th 39, 51.)

As previously argued, Plaintiff contends that the Deed of Trust and HELOC Agreement state that Defendants must send Plaintiff periodic statements of the HELOC's status. Plaintiff contends that the Deed of Trust and Home Equity Credit Line Agreement, along with other documents related to the agreement creating the HELOC obligations state that Defendant must send Plaintiff regular statements.

Defendant, however, failed to send Plaintiff periodic statements, and as an actual and proximate result, Defendant has created an illusory obligation for Plaintiff to pay fees and interest accrued on the HELOC for which Plaintiff would not have been otherwise responsible. Defendant now stands to Foreclose on Plaintiff's home, namely the Property, in connection with collection on the HELOC and garner benefits that it has unjustly reaped from its unscrupulous conduct as described herein.

Plaintiff is informed and believes and thereon alleges that Defendant chose not foreclose years prior and to not send any statements in the interim in order to inflate the arrears. As such, Defendant will be unjustly enriched by the wrongfully accumulated late fees and interest allowed to and caused to amass.

It would be unjust for Defendants to keep these benefits because they were gained through wrongful conduct. As such, Plaintiff is likely to succeed on the merits of this cause of action for unjust enrichment, and respectfully requests the court preserve the status quo by restraining the sale of the property.

### 4. Plaintiff is Likely to Succeed on the Merits of Her Claim for Violation of the Rosenthal Fair Debt Collection Practices Act.

Under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA"), a debt collector operating in the State of California is required to comply with the provisions of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b through 1692k

7

("FDCPA").  The debt discussed herein arises from a "consumer credit transaction" as the term is

defined under the RFDCPA, Cal. Civ. Code § 1788.2(e) and is therefore a "consumer debt" as the

term is defined under the RFDCPA, Cal. Civ. Code § 1788.2(f).  Furthermore, Plaintiff is a

natural person and therefore a "consumer" as the term is defined under the RFDCPA, Cal. Civ.

Code § 1788.2(h).  Since Defendant regularly and in its ordinary course of business engages in

debt collection of consumer debts on its own behalf, Defendant is a "debt collector" as the term is

defined under RFDCPA, Cal. Civ. Code § 1788.2(c).

Pursuant to the RFDCPA, specifically Cal. Civ. Code § 1788.17, every debt collector

collecting or attempting to collect a consumer debt shall comply with provisions of sections

1692b through 1692j of the FDCPA, inclusive, and shall be subject to the remedies in the

FDCPA, 15 U.S.C. § 1692k.  Under the FDCPA, 15 U.S.C. § 1692f, a debt collector may not use

unfair or unconscionable means to collect or attempt to collect any debt.  Furthermore, 15 U.S.C.

§ 1692e prohibits debt collectors from making false statements – including about the amount of

the debt -- when attempting to collect debts from consumers.

Here, Defendants sent Notice of Default representing that the debt was at least

$173,347.09 as of August 2021. The original loan amount was $100,000, and now it is almost

doubled. Since, there were no statements to reference the charges, Defendants had violated the

Rosenthal Act.  This conduct was almost certain to mislead the least sophisticated consumer.

Pursuant to Civil Code §1788.17, every debt collector that violates Section 1692b to

1692j, inclusive, shall be subject to the remedies in 15 U.S.C. 1692k.  Pursuant to 15 U.S.C.

§1692k, Defendant is liable for actual damages, civil penalties in the amount of $1,000, attorneys'

fees, and costs of court.

Since Plaintiff is likely to succeed on her claim for violations of the RFDCPA, Plaintiff is

entitled to, among other things, injunctive relief, and the court should maintain the status quo by

restraining this unlawful conduct and the pending August 20, 2021 foreclosure sale of the

Property.

### 5.  Plaintiff is Likely to Succeed on Her Claim for Fruad.

To state a claim for fraudulent concealment, Plaintiffs must show (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as she did if she had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.

Here, Defendant concealed the fact that it was applying interest to the debt, as well as the amount of the monthly payment and the manner in which it was to be made. Defendant was under a contractual duty to provide Plaintiff with periodic statements which would have contained all of these facts. Defendant intentionally failed to provide Plaintiff with these periodic statements, or otherwise inform Plaintiff of these facts. Plaintiff was unaware she had a continued obligation to make payments on the debt, or how to make payments thereon, or that interest could accumulate on the debt, and acted accordingly. Plaintiff was damaged by this concealment. Specifically, Plaintiff would have paid on the obligation had she been aware of it, or refinanced the loan with a more honest lender. Instead, more than $71,000.00 in interest accumulated on the loan.

As such, Plaintiff is likely to succeed on the merits of this cause of action for fraud, and respectfully requests the court preserve the status quo by restraining the sale of the property.

### 6. Plaintiff is Likely to Succeed on Her Claim for Unfair Competition under Cal. Business and Professions Code §§17200 *et seq.*

Defendants' conduct constitutes unlawful business practices, as defined in the California Business and Professions Code § 17200 *et seq.* California Business and Professions Code § 17200 *et seq.* borrows violations from other statutes and laws and makes them unlawful to engage in as a business practice.

In the case at hand, Defendants' breach of contract and of the covenant of good faith also constitute unfair business practices in violation of California Business and Professions Code § 17200 *et seq.* Furthermore, Defendants failed to uphold their duties under the RFDCPA, Cal.

9

Civ. Code § 1788.17, and this constitutes an unfair business practice in violation of California Business and Professions Code § 17200 *et seq.*

Because Plaintiff is likely to succeed on the underlying predicate actions, Plaintiff is likely to succeed on its Unfair Business Practices claim. Plaintiff is entitled to, among other things, injunctive relief, and the court should maintain the status quo by restraining this unlawful conduct.

**C.      Plaintiff Will Suffer Irreparable Harm in the Absence of this Relief.**

Plaintiff has established that irreparable injury is not only likely, but also imminent, if this temporary restraining order does not issue.  Irreparable injury is an injury "that is not accurately measurable or adequately compensable by money damages." (*Ross-Simons of Warwick, Inc. v. Baccarat, Inc.* (1st Cir. 1996) 102 F.3d 12, 18.)  California law presumes that real property is unique and not easily interchangeable. (*Real Estate Analytics, LLC v. Vallas* (2008) 160 Cal.App.4th 463, 464; Cal. Civ. Code § 3387; *Wheat v. Thomas* (1930) 209 Cal. 306.)

Since the Property at issue is unique and irreplaceable, Plaintiff stands to suffer irreparable harm if the August 20, 2021 foreclosure sale is permitted to proceed.  Additionally, since there is currently a foreclosure sale on Plaintiff's Property scheduled for August 20, 2021, Plaintiff has sufficiently pled that the harm is an immediate threat.  Plaintiff now stands to lose her property due to Defendant's breaches of contract, violations of California statute, and outrageous conduct.

**D.      The Balance of Hardship Overwhelmingly Favors Plaintiff.**

Since the law presumes that the loss of real property constitutes irreparable injury, the balance of hardships overwhelmingly favors Plaintiff.  Plaintiff stands to lose title to her property after Defendant's blatant breaches of contract and violations of California law.  If the Property is sold, Plaintiff will never be able to replace it. (*See* Cal. Code Civ. Proc. § 526(a)(4) [stating that an injunction may issue when pecuniary compensation would not afford adequate relief].)  As such, Plaintiff stands to suffer such irreparable harm that the balance of hardship must be found to overwhelmingly favor Plaintiff.

On the other hand, Defendants face minimal hardship.  The Property is not unique from Defendants' perspective but simply a commodity Defendants are wrongfully seeking to foreclose on for a profit.

Since Defendants stand to receive a relatively small benefit and Plaintiff stands to suffer an extreme and irreparable loss, there is little doubt that the balance of hardships overwhelmingly favors Plaintiff and, therefore, the temporary restraining order should issue.

### E.      The Relief Requested is in the Best Interest of the Public.

Courts "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." (*Winter v. NRDC, Inc.*, (2008) 555 U.S. 7, 24.)  The State of California has a strong interest in deterring breaches of contract and wrongful foreclosure as demonstrated by the destructive impact these violations of law can have on the parties to litigation.

Breaches of contract and violations of California law harm the victims of unscrupulous parties, but they also harm third parties, i.e., the general public.  In the case at hand, potential bona fide purchasers cannot reliably bid on the property without substantial risk that their purchase will be set aside due to defendant's breaches of contract and violations of California law. (*See, e.g., Orcilla v. Big Sur, Inc.* (2016) 244 Cal. App. 4th 982, 996 – 1000.)  If Plaintiff succeeds on her claims but a foreclosure sale occurs before conclusion of the case at hand, then the sale will likely be set aside.  Furthermore, valuable and scarce judicial resources will be wasted by necessitating a subsequent lawsuit to set aside the foreclosure sale when none would be necessary if this application were granted.  Since allowing the foreclosure sale to proceed despite Plaintiff's strong showing of Defendant's violations of law would prevent the public from reliably bidding at a foreclosure sale of Plaintiff's property and waste judicial resources, the relief requested is in the best interest of the Public.

Moreover, the State has a strong interest in not only regulating the conduct of foreclosure sales, but particularly against the carrying forward of foreclosures during the COVID19 pandemic, as demonstrated by, for instance, the emergency judicial counsel rules staying all judicial foreclosures.  Furthermore, it is unclear that a *public* auction can truly be held during

skyrocketing and tragic COVID19 infections and increasingly strict shelter-in-place restrictions. Any putatively "public" auction held during the COVID19 pandemic would arguably violate the state's restriction on bid rigging, enshrined in California Civil Code section 2924h(g).

For these reasons, it would go against public policy to allow the foreclosure sale to go forward on August 20, 2021

## IV.   CONCLUSION

For the reasons set forth herein, good cause exists to grant the instant ex parte application and restrain the imminent foreclosure sale of Plaintiff's property. Plaintiff should not be held responsible for Defendants' collective failure to notify her of a continued obligation to make payments on the HELOC by not sending statements or initiating any form of communication on the matter for over seventeen years, and Defendants cannot be allowed to profit from their wrongful conduct.

DATED: August 17, 2021                                  Respectfully submitted,

MELLEN LAW FIRM

Allison Cecchini Erggelet
Attorney for Plaintiff
DI WEN

23018885

FILED
ALAMEDA COUNTY

AUG 1 7 2021

CLERK OF THE SUPERIOR COURT
By _____
JANIE THOMAS, Deputy

Matthew Mellen (Bar No. 233350)
Ramonchito Logan De Castro (Bar No. 332595)
Allison Cecchini Erggelet (Bar No. PL-463468)
MELLEN LAW FIRM
1050 Marina Village Parkway, Suite 102
Alameda, California 94501
Telephone:      (510) 263-9638
Facsimile:      (415) 276-1902
Email:          email@mellenlawfirm.com

Attorneys for Plaintiff,
DI WEN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| DI WEN, an individual; <br><br> Plaintiff, <br><br> v. <br><br> GREENPOINT MORTGAGE FUNDING, INC. a business entity; REAL TIME SOLUTIONS, INC., a business entity; RRA CP OPPORTUNITY TRUST 1, a business entity; and Does 1 through 10, inclusive, <br><br> Defendants. | Case No.: HG21109528 <br><br> **DECLARATION OF DI WEN IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** <br><br> Date: August 19, 2021 <br> Time: <br> Dept.: <br><br> Complaint Filed: August 16, 2021 <br> Trial Date:      None Set |

1

DECLARATION IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

I, DI WEN, declare and state:

1.      I am the owner of the property located at 2458 Early Rivers Place, Union City, CA 94587 (hereinafter, "the Property").

2.      I purchased the Property in 2000, securing financing for the purchase with Washington Mutual Bank by executing a Promissory Note and Deed of Trust in favor of Washington Mutual Bank.

3.      In or around 2006, I took out a Home Equity Line of Credit ("HELOC") with Greenpoint Mortgage Funding, Inc. with a $100,000.00 line of credit.  A true and correct copy of the Original HELOC Borrower's Closing Statement is attached hereto as Exhibit A.

4.      I have not heard anything from Defendant GREENPOINT MORTGAGE FUNDING, INC. or its successor in interest Defendant regarding the HELOC except for delinquent servicing notice.

5.      GREENPOINT or REAL TIME SOLUTIONS did not send me any periodic statements regarding the HELOC.

6.      Under the terms of the HELOC Agreement, I was to make payments in the manner specified in monthly periodic statements that would be sent by Defendant GREENPOINT or its successor in interest REIAL TIME SOLUTIONS.

7.      The periodic statements were required to show all Account activity during the billing cycle and contain my remaining total balance, Annual Percentage Rate, the "minimum payment due," the due date, and the place and manner to make the payment.

8.      The terms of the HELOC Agreement required GREENPOINT to, at a minimum, send me a monthly periodic statement with the above specified information.

9.      The Deed of Trust states that payments on the HELOC were to be made in accordance with the terms set out in the HELOC Agreement.  Since the HELOC Agreement stipulates payments should be made in the manner specified in periodic statements, this essentially means that the Deed of Trust also provides for payments to be made according to the directions within periodic statements.  A true and correct copy of the Deed of Trust is attached hereto as Exhibit A.

2

10.     Due to not receiving a periodic statement, I was not only unaware I was obligated to make payments, but ignorant of both the amount of those payments, how to make them, and to whom.

11.     I have been ready, willing, and able to make regular payments on the HELOC.

12.     If I had been sent periodic statements that informed me of a need to make payments on the HELOC, I would have made them.

13.     I believe that, at all relevant times, Defendant GREENPOINT was aware that I had no knowledge of a continued obligation to make payments on the HELOC.

14.     Defendant GREENPOINT allowed interest to accumulate on the debt and did not send me periodic statements for the HELOC for years before transferring its interest to Defendant REAL TIME SOLUTIONS (hereinafter, "Defendant RTR").

15.     Subsequently, Defendant RTR caused to record Notice of Default and the amount due was $71,198.24 as of March 31, 2021.

16.     Nothing in the HELOC Agreement says that the servicer of the loan may neglect to send me statements and thereby allow fees and interest to accrue until the servicer decides to foreclose on the Property securing the HELOC.

17.     It is my belief that the fees and interest Defendant RTR is attempting to collect are not authorized by any agreement.

18.     On or around July 22, 2021, Defendant RTR recorded a Notice of Trustee Sale with a trustee sale scheduled to take place on August 20, 2021, and the estimated amount of unpaid balance was $173,347.09. A true and correct copy of the Notice of Trustee Sale is attached hereto as Exhibit B.

19.     The conduct of Defendants since my 2006 HELOC has been outrageous. Their effort to foreclose on my home after allowing years to pass without once informing me of interest and fees accumulation, contacting me regarding the HELOC, or providing a single periodic statement indicating any obligation to make payments constitutes a prime example of bad faith conduct.

20.     As an actual and proximate result of Defendants' conduct described herein, I am now at risk of losing my home during an historic global pandemic.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on ___8/17/2021_____, in ___Union City,_____ California.

DI WEN

DECLARATION IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

# EXHIBIT A

**Borrower's Closing Statement**

| | |
|---|---|
| Date: | 12-28-2006  12:22PM |
| Escrow# | 17-229505 |
| Officer: | Jennifer Grinder |
| Closed: | 12-26-2006 |

# PLACER TITLE COMPANY LENDERS DIVISION

*a National Closing Solutions Affiliate*
3925 ATHERTON ROAD, SUITE 100
ROCKLIN, CA 95765
888-958-8060   FAX: 916-435-9492

DI WEN
2458 EARLY RIVERS PLACE
UNION CITY, CA  94587

**Property Address:**  2458 EARLY RIVERS PLACE
UNION CITY, CA 94587

| Item | Charges | Credits |
|---|---|---|
| New Loan: GREENPOINT MORTGAGE FUNDING, INC. | | |
| New Loan Amount GREENPOINT MORTGAGE FUNDING, INC. | | 100,000.00 |
| Loan Origination Fee to TOMMY QUANG LE $750.00 (PBL) | 0.00 | |
| Processing Fee to TOMMY QUANG LE | 350.00 | |
| UNUSED LINE OF CREDIT to GREENPOINT MORTGAGE FUNDING, INC. | 99,650.00 | |
|    Total Loan Charges & Credits | 100,000.00 | |
| | | |
| Title Search Fee to PLACER TITLE COMPANY $85.00 (PBL) | | |
| Recording Fees to PLACER TITLE COMPANY LENDERS DIVISION $56.00 (PBL) | | |
| Escrow Fee to PLACER TITLE COMPANY LENDERS DIVISION $253.00 (PBL) | | |
| AVM to PLACER TITLE COMPANY LENDERS DIVISION $80.00 (PBL) | | |
| | | |
| Totals | 100,000.00 | 100,000.00 |
| | =========== | =========== |

Form VM.BORROWER.CLOS (1/2005)

# EXHIBIT B

[RECORDING REQUESTED BY]
ZBS Law, LLP

[WHEN RECORDED MAIL TO:]
ZBS Law, LLP
30 Corporate Park, Suite 450
Irvine, CA 92606

T.S. No. 20-61900          APN: 486-0094-032          [SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY]

# NOTICE OF TRUSTEE'S SALE

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 12/19/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: DI WEN, AN UNMARRIED WOMAN
Duly Appointed Trustee: ZBS Law, LLP   Deed of Trust recorded 12/27/2006, as Instrument No. 2006470350, of Official Records in the office of the Recorder of Alameda County, California,
Date of Sale: 8/20/2021 at 12:00 PM
Place of Sale:      At the front Fallon St emergency exit to the Alameda County Courthouse 1225 Fallon Street Oakland, CA
Estimated amount of unpaid balance and other charges: **$173,347.09**



Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt owed.

Street Address or other common designation of real property:

**2458 Early Rivers Place**
**Union City, California 94587**

Described as follows:
As more fully described on said Deed of Trust

A.P.N #.: 486-0094-032

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (866) 266-7512 or visit this Internet Web site www.elitepostandpub.com, using the file number assigned to this case 20-61900. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

NOTICE TO TENANT: You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call (866) 266-7512, or visit this internet website www.elitepostandpub.com, using the file number assigned to this case 20-61900 to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

Dated: 7/20/2021

ZBS Law, LLP , as Trustee
30 Corporate Park, Suite 450
Irvine, CA 92606
For Non-Automated Sale Information, call: (714) 848-7920
For Sale Information: (866) 266-7512   www.elitepostandpub.com

Michael Busby, Trustee Sale Officer

This office is enforcing a security interest of your creditor. To the extent that your obligation has been discharged by a bankruptcy court or is subject to an automatic stay of bankruptcy, this notice is for informational purposes only and does not constitute a demand for payment or any attempt to collect such obligation.



P.O. Box 23159
San Diego, CA 92193-3159

IMPORTANT INFORMATION
ENCLOSED



(11) 969 0024 8156 3447 5

**Mailed On:** 7/20/2021          **Order Number:** 0151330-01
**ClientID:** Zieve000336  FC     **Reference Number:**   20-61900

Di  Wen
432 Honolulu Circle
Union City, CA 94587

GenericAddressInsert.doc                                    Rev. 12/19/2018

23018886

Matthew Mellen (Bar No. 233350)
Ramonchito Logan De Castro (Bar No. 332595)
Allison Cecchini Erggelet (Bar No. PL-463468)
MELLEN LAW FIRM
1050 Marina Village Parkway, Suite 102
Alameda, California 94501
Telephone:      (510) 263-9638
Facsimile:      (415) 276-1902
Email:          email@mellenlawfirm.com

Attorneys for Plaintiff,
DI WEN

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| DI WEN, an individual<br><br>        Plaintiff,<br><br>    v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., a business entity; REAL TIME SOLUTIONS, INC., a business entity; RRA CP OPPORTUNITY TRUST 1, a business entity; and Does 1 through 10, inclusive,<br><br>        Defendants. | Case No.: HG21109528<br><br>**[PROPOSED] ORDER**<br><br>Date:<br>Time:<br>Dept:<br><br>Complaint Filed: August 16, 2021<br>Trial Date:       None Set |

Filed By Fax

1

[PROPOSED] ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The application for a Temporary Restraining Order came on before the undersigned on

_____ at _____ a.m./p.m. in the above-captioned court.

Based on the Application, Points and Authorities, and supporting declarations in the

moving papers, and good cause having been shown, the Court finds that Plaintiff has shown good

cause for issuance of a Temporary Restraining Order.  The Court hereby grants Plaintiffs' Ex

Parte Application and restrains the Foreclosure Sale of Plaintiffs' property, located at 2458 Early

Rivers Place, Union City, CA 94587 currently scheduled for August 20, 2021 until further order

of the Court.

With respect to the motion and hearing on a Preliminary Injunction:

The moving papers shall be filed and served by no later than _____.

Responsive Papers shall be filed and served by no later than _____.

Reply Papers shall be filed and served by no later than _____.

The hearing on Plaintiff's Request for Preliminary Injunction will be held on

_____ in Department _____ of this Court.

**IT IS SO ORDERED.**

Dated: _____, 2020                    _____
                                                               Superior Court Judge

[PROPOSED] ORDER

23018887

Matthew Mellen (Bar No. 233350)
Ramonchito Logan De Castro (Bar No. 332595)
Allison Cecchini Erggelet (Bar No. PL-463468)
MELLEN LAW FIRM
1050 Marina Village Parkway, Suite 102
Alameda, California 94501
Telephone:    (510) 263-9638
Facsimile:    (415) 276-1902
Email:        email@mellenlawfirm.com

Attorneys for Plaintiff,
DI WEN

F I L E D
ALAMEDA COUNTY

AUG 17 2021

CLERK OF THE SUPERIOR COURT
By _____
     JANIE THOMAS, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ALAMEDA

| | |
|---|---|
| DI WEN, an individual<br><br>Plaintiff,<br><br>v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., a business entity; REAL TIME SOLUTIONS, INC., a business entity; RRA CP OPPORTUNITY TRUST 1, a business entity; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.: HG21109528<br><br>**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date: August 19, 2021<br>Time:<br>Dept:<br><br>Complaint Filed: August 16, 2021<br>Trial Date:      None Set |

Filed By Fax

EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

1        Plaintiff DI WEN (hereinafter, "Plaintiff"), hereby submits this Ex Parte Application for a

2   Temporary Restraining Order of the impending Foreclosure Sale of Plaintiff's property located at

3   2458 Early Rivers Place, Union City, CA 94587 (the "Property"), more particularly known as

4   APN 486-0094-032, currently scheduled to be sold at foreclosure on **August 20, 2021 at 12:00**

5   **PM.** Notice of this Ex Parte Application was provided to all parties in this action as described in

6   the declaration of Allison Erggelet, filed herewith.

7        For the reasons set forth in this application, the Memorandum of Points and Authorities,

8   and the attached declarations, good cause exists to grant Plaintiff's Ex Parte Application for a

9   Temporary Restraining Order.

10

11  DATED: August 17, 2021                              Respectfully submitted,

12                                                      MELLEN LAW FIRM

13

14

15                                                      Allison Cecchini Erggelet

16                                                      Attorney for Plaintiff

17                                                      DI WEN

18

19

20

21

22

23

24

25

26

27

28

EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

23018888

1 | Matthew Mellen (Bar No. 233350)
Ramonchito Logan De Castro (Bar No. 332595)
2 | Allison Cecchini Erggelet (Bar No. PL-463468)
MELLEN LAW FIRM
3 | 1050 Marina Village Parkway, Suite 102
Alameda, California 94501
4 | Telephone:    (510) 263-9638
Facsimile:    (415) 276-1902
5 | Email:    email@mellenlawfirm.com

6 | Attorneys for Plaintiff,
DI WEN

7

**F I L E D**
ALAMEDA COUNTY

AUG 1 7 2021

CLERK OF THE SUPERIOR COURT
By _____
JANIE THOMAS, Deputy

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF ALAMEDA**

10

11 | DI WEN, an individual;

12 | Plaintiff,

13 | v.

14 | GREENPOINT MORTGAGE FUNDING, INC.
a business entity; REAL TIME SOLUTIONS,
15 | INC., a business entity; RRA CP
OPPORTUNITY TRUST 1, a business entity;
16 | and Does 1 through 10, inclusive;

17 | Defendants.

Case No.: HG21109528

**DECLARATION OF ALLISON
CECCHINI ERGGELET RE NOTICE
FOR EX PARTE APPLICATION FOR
TEMPORARY RESTRAINING
ORDER AND SETTLEMENT OFFERS**

Date: August 19, 2021
Time:
Dept:

Complaint Filed: August 16, 2021
Trial Date:    None Set

Filed By Fax

1
DECLARATION OF ALLISON CECCHINI ERGGELET

1    I, Allison Cecchini Erggelet, declare and so state as follows:

2    1.      I am a provisionally licensed lawyer at the Mellen Law Firm, which is counsel for

3    Plaintiff Di Wen (hereinafter, "Plaintiff") in the above captioned matter.  I have personal

4    knowledge of the following facts, and if called upon as a witness, I could and would competently

5    testify to their veracity.

6    2.      On August 17, 2021 at 10:30am I called the agent for service of process, CSC Lawyers,

7    for Greenpoint Mortgage Funding Inc. I called the number 916-641-5100 and spoke with a

8    woman named Bethany T. She informed she was authorized to take Ex Parte notices and she

9    would get the information to Greenpoint Mortgage. I told her that our office intends to file an ex

10   parte notice for a temporary restraining order in Alameda Superior Court and that the court would

11   deem a hearing necessary and often the decision is made on the papers. If a hearing if granted I

12   would contact CSC Lawyers again with the proper information. On August 17, 2021 at 11am I

13   called Real Time Resolutions and RRA CP Opportunity Trust 1, which are the same company. I

14   spoke with a woman named Delecia Ransom. I told her that our office intends to file an ex parte

15   notice for a temporary restraining order in Alameda Superior Court and that the court would deem

16   a hearing necessary and often the decision is made on the papers. If a hearing if granted I would

17   contact CSC Lawyers again with the proper information. She instructed me to email their legal

18   department at Samuel.trakhtenbroit@rtresolutions.com. At 11:21 am I emailed the above email

19   and stated that our office intends to file an ex parte notice for a temporary restraining order in

20   Alameda Superior Court. Alameda superior court will decide if a hearing is necessary and often

21   they make a decision on the papers. This is in regards to a complaint we filed yesterday in the

22   matter of Di Wen v. Greenpoint Mortgage Funding, Inc. et al. Since we only filed it yesterday, we

23   have not yet received a case number. If the court deems a hearing necessary, I will send you the

24   virtual link to attend.

         I declare under penalty of perjury under the laws of the United States and the State of

California that the foregoing is true and correct. Executed on August 17, 2021 in San Francisco,

California.

25

26                                                    Allison Cecchini Erggelet

27

28