UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DI WEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-07142-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 25 |

## I.　INTRODUCTION

On September 21, 2021, the Court granted Plaintiff Di Wen's ("Wen") motion for temporary restraining order ("TRO") to enjoin the foreclosure sale scheduled for that same day of her property, 2458 Early Rivers Place, Union City, CA 94587 (the "Property"), by Defendants Greenpoint Mortgage Funding, Inc. ("Greenpoint"), Real Time Resolutions, Inc. ("RTR") and RRA CP Opportunity Trust 1 ("Trust") (collectively "Defendants"). Docket No. 15. On October 19, the Court denied Wen's motion for preliminary injunction to further enjoin foreclosure sale of the Property. Docket Nos. 26, 27. Now pending is Defendant Greenpoint's motion to dismiss all of Wen's claims against it pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 25.

For the following reasons, the Court **GRANTS** Greenpoint's motion to dismiss.

## II.　FACTUAL AND PROCREDURAL BACKGROUND

A.　Factual Background

Wen alleges that she is the owner 2458 Early Rivers Place, Union City, CA 94587 (the "Property"). Docket No. 1-1, Exh. 1 ("Complaint") ¶ 3. On or around December 19, 2006, Plaintiff obtained a $100,000 Home Equity Line of Credit ("HELOC") on the Property from

1  Greenpoint. *Id.* ¶ 10. Subsequently, Greenpoint assigned the HELOC to Trust, and RTR is the

2  current servicer. *Id.* ¶¶ 11-12. Although the Complaint is silent as to when any transfer occurred,

3  the recorded assignment reflects that the HELOC was sold as of May 19, 2017. *See* Docket No.

4  25-1 ("Request for Judicial Notice"), Exh. A ("Assignment of Deed of Trust.").[1] In April 2021,

5  RTR recorded a Notice of Default and subsequently recorded a Notice of Trustee Sale with a sale

6  date of August 20, 2021. Complaint ¶ 28.

7        Subsequently, Wen filed this suit cand claimed her default was due to not receiving

8  monthly statements on the loan. Complaint ¶ 13. Wen alleges that she did not receive periodic

9  statements from regarding the status of the Loan, nor any information about payments she was

10  required to make on the loan. Docket No. 1-1 at 32 ¶¶ 4-8. As a result of the lack of notice of any

11  periodic statements, Wen alleges that she was "not only unaware [she] was obligated to make

12  payments, but ignorant of both the amount of those payments, how to make them and to whom."

13  *Id.* at 33 ¶ 10.

14        Based on these allegations, Wen asserts six causes of action: (i) breach of contract; (ii)

15  breach of covenant of good faith and fair dealing; (iii) unjust enrichment; (iv) violation of

16  Rosenthal Fair Debt Collection Practices Act ("Rosenthal"); (v) Unfair Competition-violation of

17  Business and Professions Code §§17200, et seq. ("UCL"); (vi) for fraud. Complaint ¶¶ 32-45.

18  B.    Procedural Background

19        On August 17, 2021, Wen filed a complaint against Defendants in the Superior Court of

20  California for the County of Alameda alleging six claims—breach of contract, breach of covenant

21  of good faith, unjust enrichment, violation of the Rosenthal Fair Debt Collection Practices Act,

22  and unfair competition—and sought an ex parte Temporary Restraining Order enjoining the

23  August 20, 2021 foreclosure sale. Docket No. 1-1 at 5-17 ("Complaint"); *Wen v. Greenpoint*,

---

[1] The Court grants Greenpoint's request for judicial notice of the "Corporate Assignment of Deed of Trust" recorded in the Official Records of Alameda County on January 3, 2018. Docket No. 25-1. The Court takes judicial notice of this matter of public record in accordance with Federal Rule of Evidence 201 without converting the motion to dismiss to a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1189 n.12 (N.D. Cal. 2009) (taking judicial notice of Deed of Trust recorded in county records). Wen does not oppose Greenpoint's request for judicial notice.

1  Case No. HG21109528, Docket (Cal. Sup. Ct.) ("Sup. Ct. Docket"). The Superior Court granted a

2  TRO on August 19, 2021. *Id.* On September 15, 2021, Defendants timely removed the action to

3  this court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1446(b).

4  On September 17, Wen filed an ex parte motion for TRO to enjoin a foreclosure sale of the

5  Property purportedly scheduled for September 21, 2021. Docket No. 8 at 2 ("TRO Mtn."). The

6  Court granted a TRO enjoining sale of the property until October 19, 2021. Docket No. 15. On

7  October 19, the Court denied Wen's request for preliminary injunction to further enjoin

8  foreclosure on the property. Docket Nos. 26, 27. Now pending is Greenpoint's motion to dismiss

9  all claims against it for failure to state claims. Docket No. 25 ("Motion").

### III.     LEGAL STANDARD

A.     Failure to State a Claim (Rule 12(b)(6))

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## IV. ANALYSIS

A. <u>Wen's Fraud, Contract, Rosenthal Act and Unfair Competition Claims Against Greenpoint are Time-Barred</u>

Five of Wen's six claims against Greenpoint are time-barred by the applicable statutes of limitations. Wen contends that Greenpoint is liable for (1) fraud, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) violation of the Rosenthal Act, and (5) unfair competition. Each of these claims has a statute of limitations of four years or less under California law:

- Fraud – three years. *See* Cal. Civ. Proc. Code § 338(d).
- Breach of written contract and breach of the implied covenant of good faith and fair dealing – four years. *See* Cal. Civ. Proc. Code § 337(1).
- Rosenthal Act – one year. *See* Cal. Civ. Code § 1788.30.
- Unfair competition – four years. *See* Cal. Bus. & Prof. Code § 17208.

Wen acknowledges that Greenpoint transferred its interest in the HELOC. Complaint ¶¶ 11-12. Although the Complaint omits when that transfer occurred, the recorded assignment reveals that the sale occurred no later than May 19, 2017. *See* Assignment of Deed of Trust.[2] Wen did not file her complaint, however, until August 17, 2021 – more than four years after Greenpoint sold its interest in the HELOC and, thus, beyond the applicable limitations period for the five claims.

However, the inquiry does not end here. "A motion under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citation omitted). Wen argues that the start of the limitations period on her claims was tolled by the "continuing violation doctrine." Docket No. 29 ("Opposition") at 9. Wen argues she "continued to suffer harm from Greenpoint's failure to send her periodic

---

[2] Wen does not challenge Greenpoint's request for judicial notice of the Assignment of Deed of Trust, nor does she dispute the fact that Greenpoint sold its interest in the loan on May 19, 2017.

1   statements" until April 2021 when RTR recorded a Notice of Default against her, and,

2   accordingly, the statute of limitations on her claims did not start until April 2021. *Id.*

3         There is a question whether the continuing violation doctrine has any application here. Wen cites two cases for the proposition that the "continuing violation doctrine aggregates a series of wrongs or injuries for purposes of the statute of limitations." Opposition at 9 (citing *Richards v. CH2M Hill, Inc.* 26 Cal.4th 798, 811-818 (2001); *National Railroad Passenger Corporation v. Morgan,* 536 U.S. 101, 118 (2002)). However, both cases involved claims of employment discrimination, and the courts in each case described the doctrine in terms confined to claims in that specific context. *See Richards,* 26 Cal.4th at 812-13 ("The continuing violation doctrine comes into play when an employee raises a claim based on conduct that occurred in part outside the limitations period. . . A review of federal case law regarding the continuing violation doctrine reveals the doctrine to be, as one leading treatise has noted, 'arguably the most muddled area in all of employment discrimination law.'"); *Morgan,* 536 U.S. at 115 (finding no evidence of a continuing violation and concluding "[a]ll prior discrete discriminatory acts are untimely filed and no longer actionable."). Although the Ninth Circuit has extended the continuing violation doctrine into some domains beyond employment discrimination, the scope of the continuing violation doctrine is generally confined to civil rights actions. *See Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019) ("Although the continuing violations doctrine is most frequently seen in the context of employment discrimination suits, we have held that the continuing violations doctrine also applies to § 1983 claims."); *Cherosky v. Henderson,* 330 F.3d 1243, 1246 n.3 (9th Cir. 2003) ("[T]he Supreme Court's analysis of the continuing violations doctrine is not limited to Title VII actions. It applies with equal force to ... actions arising under other civil rights laws."). Wen fails to identify any cases in which the continuing violation doctrine has been applied to the kind of claims at issue here.

      In any event, assuming the doctrine is applicable in a case such as the one at bar, Wen has not alleged any continuing violations by Greenpoint. Wen contends that she continued to experience the *effects* of alleged violations by Greenpoint – such as Greenpoint's failure to send her a periodic statement – because foreclosure proceedings are pending, based on her missed

5

payments, charges such as interest and default that began accruing years earlier. However, the "mere continuing *impact* from past violations is not actionable" under the continuing violation doctrine. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quotation marks and citation omitted, emphasis in the original). The doctrine does not apply where each discrete act is itself actionable. *See e.g., Cherosky*, 330 F.3d at 1247 ("The allegation that . . . discrete acts were undertaken pursuant to a discriminatory policy does not extend the statutory limitations period. . . [A] discriminatory practice, though it may extend over time and involve a series of related acts, remains divisible into a set of discrete acts, legal action on the basis of each of which must be brought within the statutory limitations period.") (internal citation and quotation marks omitted). Here, under Wen's theory, each failure to provide a monthly statement would constitute, *e.g.*, a discrete breach of contract. More centrally, Wen does not allege that Greenpoint continued to *commit* any new violations after it sold its interest in the loan in May 2017, more than four years before Wen filed this action.

    The only other paths available for Wen to pursue her otherwise time-barred claims is if she pleaded any allegations that would justify equitable tolling of the statute of limitations or application of the discovery rule for the accrual of a claim. Equitable tolling is "appropriate only when 'despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim.'" *Allan v. Greenpoint Mortg. Funding*, 730 F.Supp.2d 1071, 1076 (N.D. Cal. 2010) (internal citations omitted). "The discovery rule postpones accrual of a claim until plaintiff discovers, or has reason to discover, the cause of action." *Migliori v. Boeing N. Am., Inc.*, 114 F. Supp. 2d 976, 982 (C.D. Cal. 2000) (quotation marks and citation omitted). "A plaintiff discovers the claim when he or she at least suspects an injury that was caused by wrongdoing." *Id.* (citation omitted). A person has reason to suspect an injury and wrongdoing where he or she has notice or information of circumstances to put a reasonable person *on inquiry*." *Id.* (quotation marks and citation omitted, emphasis in the original). "[T]o successfully rely on the discovery rule," it is the plaintiff's burden to demonstrate: (a) lack of knowledge; (b) lack of a means of obtaining knowledge; and (c) how and when [s]he did actually discover the claim. *Id.*

    Wen, however, does not argue that she is entitled to equitable tolling. Nor does she

6

contend the discovery rule applies here. Indeed, Wen cannot make the required showings under either analysis because the complaint is silent as to when Defendants allegedly stopped sending her periodic statements for the loan. In any event, Wen *should* have been aware that she stopped receiving statements, yet she does not allege that she did anything to obtain information from Greenpoint or the other Defendants to inquire about the missing statements or to make payments on her loan. *See also* Docket No. 27 ("Order Denying Prelim. Inj.") at 7-8 ("The breach that Wen alleges—that Defendants failed to provide her with periodic statements regarding her loan payments—could easily have been fixed if Wen contacted Defendants to ask about the status of her loan, the amount she owed, or how she could cure the default."). Therefore, Wen is not entitled to equitable tolling on her claims, nor the benefit of any discovery rule.

As such, Wen's claims against Greenpoint for (1) fraud, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) violation of the Rosenthal Act, and (5) unfair competition, are barred by the statute of limitations and are dismissed with prejudice.

B.  Unjust Enrichment is Not a Cause of Action

Wen's only remaining claim against Greenpoint is the third cause of action in the complaint for unjust enrichment. This theory affords Plaintiff no relief, because unjust enrichment is not a cause of action, "but rather, a general principle, underlying various legal doctrines and remedies." *McBride v. Boughton*, 123 Cal.App.4th 379, 387 (2004) (demurrer sustained and action dismissed) (internal citations omitted); *Melchior v. New Line Productions, Inc.*, 106 Cal.App.4th 779, 793 (2003) (California law does not recognize an independent cause of action for unjust enrichment). Unjust enrichment is synonymous with restitution. *Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1370 (2010). And, similarly, there is no stand-alone cause of action for restitution. *In re iPhone App. Litig,* (N.D. Cal. 2012) 844 F.Supp.2d 1040, 1075 ("California does not recognize a cause of action for restitution"); *Munoz v. MacMillan* (2011) 195 Cal.App.4th 648, 661 ("There is no freestanding cause of action for 'restitution' in California").

In the absence of any other viable claims, Wen's unjust enrichment theory cannot stand as a claim on its own. Thus, Wen's claim for unjust enrichment against Greenpoint is dismissed with prejudice.

## V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Greenpoint's motion to dismiss and dismisses all of Wen's claims against Greenpoint with prejudice.

This order disposes of Docket No. 25.

**IT IS SO ORDERED**.

Dated: November 22, 2021

_____
EDWARD M. CHEN
United States District Judge